[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney Michael Isko, was ineffective in his assistance of him in that he (1) failed to advise him about pleading guilty; (2) failed to inquire of his mental capacity at the time of his plea; (3) failed to make a motion for a competency evaluation; and (4) failed to advise him about appealable issues such as the lack of voluntariness of his plea. The petitioner presented two witnesses, Mr. Isko and himself along with the transcript of the sentencing proceeding at which he moved to reopen his plea. The petitioner's arrest arose CT Page 6893 from the complaint of his female cousin who had come from Waterbury to visit the petitioner and his sister.
Mr. Isko testified that he began to represent the petitioner in November 1995 and had interviewed him several times at the jail and investigated whether his cousin was prepared to testify against him on the Sexual Assault in the first degree charge. He determined that she was. He attempted to have his investigators interview family members. He felt it was a case which would make jurors uneasy because of the relationship of the victim and her immediate complaint. At the time of trial the petitioner wanted a 30 day continuance to be able to talk to his family members but the court would not grant it. As they were selecting jurors the petitioner told him "Go get me a deal." He had rejected the first offer but accepted the second. He believes that it was that day that he went to plea. He had prepared him for the judge's canvas by going over the elements of the offense, the questions which would be asked about the nature of the conduct, giving up his rights to make him knowledgeable about the fact that his plea had to be intelligently, knowingly and voluntarily given. He looked like he was under stress but was not lacking understanding.
The agreed sentence was 15 years execution suspended after 7 years with 5 years probation and without a right to plead for less. At the sentencing proceedings on October 4, 1996 the petitioner wanted to withdraw his plea and had sent a letter to the judge explaining his position. The judge denied the motion and imposed the agreed sentence. See Petitioner's Exhibit 1. He didn't advise him of appeal nor did his attorney.
The petitioner testified that prior to trial he had filed two "Speedy Trial motions" because he wanted his trial right away. When he was brought to trial he wanted a 30 day continuance because he was not ready for trial and he was under a lot of stress. During jury selection, because of the stress he didn't want to play the game anymore and told his attorney to get an offer. He felt the stress resulted in his plea of guilty and wanted to reopen the guilty plea. His attorney he felt gave him no advice. He didn't feel he could appeal.
The petitioner offered no expert evidence as to a mental condition which would result in a lack of understanding either at the plea, sentencing or habeas hearing. He testified that during the canvas of his plea he admitted that he had enough time to talk to his attorney, he had not received any promises or threats CT Page 6894 and was giving up certain rights including the right to cross-examine his accuser. He appeared to this Court to understand the proceedings and answer the questions appropriately. His one persistent response as to the reason to request the withdrawal of his plea was that the trial procedure put him under stress. This certainly is a normal reaction to one who is facing a serious decision such as whether to take a plea or go to trial. A State may presume that the defendant is competent and require him to prove incompetency by a preponderance of the evidence. Medina v.California, 505 U.S. 437, 449. He is not competent "if he is unable to understand the proceedings against him or to assist in his own defense." C.G.S 54-56d(a). It is a legal question which must ultimately be determined by the trial court. C.G. 54-56d(f);State v. DeAngelis, 200 Conn. 224, 229. This court finds that the petitioner is and was competent but wanted to delay a sentence.
The petitioner claims his attorney failed to advise him about his right to appeal. However there is no claim that the court imposed a sentence other than in accordance with the plea agreement and the practice book provides only appeal from an adverse decision. See. P.B. 944.
The petitioner has produced nothing to demonstrate that there was anything his trial attorney could have done to obtain a different result. Bunkley v. Commissioner of Corrections,222 Conn. 444, 445.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee